# Official Service by State Department Employees on the Boards of American-Sponsored Schools Overseas

Official service by State Department employees on the boards of American-sponsored schools overseas is authorized by statute and does not violate 18 U.S.C § 208

September 11, 1998

LETTER OPINION FOR THE DEPUTY LEGAL ADVISER
DEPARTMENT OF STATE

This is in response to your letter of August 10, 1998, asking for our opinion whether 18 U.S.C. § 208 (1994), absent a waiver, bars employees of the State Department from serving in their official capacities on the boards of American-sponsored schools overseas. We agree with your conclusion that such service is authorized by statute and does not violate § 208.

Section 208 forbids employees from taking official action in which they have a financial interest. The statute also imputes to an employee the financial interests of "his spouse, minor child, general partner, *organization in which he is serving as officer, director, trustee, general partner or employee*, or any person or organization with whom he is negotiating or has any arrangement concerning prospective employment." 18 U.S.C. § 208(a) (emphasis added). We have previously concluded that because employees who serve on outside boards in their official capacities necessarily take official actions affecting the organizations' financial interests, this provision "prevent[s] a government employee from serving on the board of directors of an outside organization in his or her official capacity, in the absence of: (1) statutory authority or a release of fiduciary obligations by the organization that might eliminate the conflict of interest, or (2) a waiver of the requirements of § 208(a), pursuant to 18 U.S.C. § 208(b)." *Service on the Board of Directors of Non-Federal Entities by Federal Bureau of Investigation Personnel in Their Official Capacities*, 20 Op. O.L.C. 379, 379 (1996). You have asked whether there is statutory authority for employees of the State Department to serve on the boards of overseas schools, so that § 208 would not raise a bar.

By statute, the Secretary of State may, "in such manner as [she] deems appropriate and under such regulations as [she] may prescribe, establish, operate, and maintain primary schools, and school dormitories and related educational facilities for primary and secondary schools, outside the United States, make grants of funds for such purposes, or otherwise provide for such educational facilities." 22 U.S.C. § 2701 (1994). The Secretary has implemented this authority through regulation:

> The principal officer [at U.S. Missions abroad] designates an officer
> to be responsible for coordinating the post's interest in school
> activities. *If possible, the officer should be a member of the board*

*of the local school receiving assistance.* When the administrative officer is personally responsible for administration of the grant, the administrative officer should not be a member of the school board.

2 FAM § 613 (TL: GEN-241; 8–26–86) (emphasis added). *See Kauffman v. Anglo-American School of Sofia*, 28 F.3d 1223, 1224 (D.C. Cir. 1994) (State Department employees serve on board of school).

In our view, the statute, as implemented in the regulation, authorizes official service on the boards of the schools. We recently observed that "Congress has enacted a variety of arrangements contemplating, directly or indirectly, that federal employees will participate in outside organizations, including by serving on their boards, and it would frustrate these arrangements if such service were considered a disqualifying 'director[ship]' under 18 U.S.C. § 208." *Application of 18 U.S.C. § 208 to Service by Executive Branch Employees on Boards of Standard-Setting Organizations*, 22 Op. O.L.C. 210, 211 (1998) (citation omitted). Therefore, if "Congress has specifically provided for participation in outside organizations and such participation, to carry out the statutory purposes, entails service on a board, statutory authorization may be inferred." *Id.* Here, Congress has enabled the Secretary to "operate" schools or "otherwise provide for such educational facilities" abroad "in such manner as [she] deems appropriate and under such regulations as [she] may prescribe." 22 U.S.C. § 2701. Congress thus has vested a wide authority in the Secretary to direct employees of the State Department to take part in the management of overseas schools, and the Secretary has carried out this authority by issuing a regulation expressly permitting service on outside boards. Under these circumstances, it would "frustrate [the] arrangements" enacted by Congress to read § 208 as a bar to service on these boards.

BETH NOLAN
*Deputy Assistant Attorney General*
*Office of Legal Counsel*